IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BAYLEE JENSEN and JESSICA McCARTNEY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**XLEAR, INC.; WILLIAM ROBBS; and DOES 1 through 50, inclusive,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT WILLIAM ROBBS'S MOTION FOR JOINDER AND TO AMEND COUNTERCLAIM**<br><br>Case No. 2:19-cv-413<br><br>Judge Clark Waddoups |
| **WILLIAM ROBBS,**<br><br>Counter Claimant,<br><br>vs.<br><br>**BAYLEE JENSEN and JESSICA McCARTNEY,**<br><br>Counter Defendants. | |

Before the court is a Motion for Joinder and to Amend Counterclaims filed by Defendant/Counterclaimant William Robbs ("Mr. Robbs") (ECF No. 43). The motion has been fully briefed, and the parties did not request a hearing on the same. For the reasons stated herein, Mr. Robbs's motion is **GRANTED**.

On September 9, 2019, Mr. Robbs filed his Answer to Plaintiffs' Complaint in which he asserted counterclaims against Plaintiffs Baylee Jensen and Jessica McCartney ("Counterclaim Defendants") for defamation and tortious interference with a contract (the "Counterclaims"). (ECF No. 28). Mr. Robbs's Counterclaims arise out of an email and mailing sent by

Counterclaim Defendants' counsel, Randy Andrus ("Mr. Andrus"), which Mr. Robbs alleges caused his employer to learn of this lawsuit and terminate his employment. Counterclaim Defendants filed a motion to dismiss the Counterclaims (ECF No. 32) which this court denied by order entered May 20, 2020. (ECF No. 43). Mr. Robbs now moves to amend his Counterclaims to join Mr. Andrus as an additional counterclaim defendant.

Rule 13(h) of the Federal Rules of Civil Procedure permits the joining of additional parties to a counterclaim and states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." FED. R. CIV. P. 13(h). That rule "authorizes the court to join additional persons in order to adjudicate a counterclaim" that is already "before the court" and "involve[s] at least one existing party." § 1435 Joinder of Additional Parties—Who May Be Added, 6 Fed. Prac. & Proc. Civ. § 1435 (3d ed.). "Stated in general terms, the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties." § 1434 Joinder of Additional Parties—In General, 6 Fed. Prac. & Proc. Civ. § 1434 (3d ed.). In order to grant complete relief to all concerned parties to this action, it is appropriate for Mr. Andrus to be joined as an additional counterclaim defendant to Mr. Robbs's Counterclaim.

Moreover, Rule 15 of the Federal Rules of Civil Procedure instructs the court to "freely give leave" to amend a pleading "when justice so requires." FED. R. CIV. P. 15(a)(3). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). However, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224,

1229 (10th Cir. 2009) (citation and quotation marks omitted).  This lenient standard exists "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation and quotation marks omitted).

Counterclaim Defendants argue that Mr. Robbs's amended counterclaim does not allege any new facts from, but is instead substantively identical to, his original counterclaim, and that as such, Mr. Robbs could, and should, have initially named Mr. Andrus as a counterclaim defendant.  As Mr. Robbs acknowledges, on this point Counterclaim Defendants are not wrong.  However, Mr. Robbs's failure to initially name Mr. Andrus does not preclude his attempts to do so now.  Rather, the relevant question is whether Mr. Robbs's failure to initially name Mr. Andrus constituted was an undue delay, the result of "bad faith or dilatory motive," or has caused undue prejudice.  Counterclaim Defendants have failed to establish that is has.

Rather, Counterclaim Defendants' arguments focus on the fact that Mr. Andrus is not an indispensable or required party and is therefore not required to be added under Rule 19 of the Federal Rules of Civil Procedure.  Again, while this may be true, it does not preclude his joinder in this action, as under Rule 20, he can be permissively joined in the action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  The proposed Counterclaims against Mr. Andrus are identical to those against the Counterclaim Defendants and thus arise out of the same occurrence and contain identical questions of law and fact as to the claims against the Counterclaim Defendants.  Under Rule 20, Mr. Andrus may be joined in this action.

3

Counterclaim Defendants also argue that allowing Mr. Andrus to be named in this action "may impair and impede [Counterclaim Defendants], including as their counsel" and may leave Counterclaim Defendants "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." (ECF No. 51 at 3). Counterclaim Defendants do not, however, substantiate what those potential multiple or inconsistent allegations are. While the court acknowledges that having Mr. Andrus named as a counterclaim defendant in this action may affect his representation of Counterclaim Defendants or complicate how this case proceeds, these possibilities do not require it to shy away from its mandate to freely give leave to amend a pleading when justice so requires or to ensure that all concerned parties are brought into the case so that the action can be disposed of "in its entirety." *See* FED. R. CIV. P. 15(a)(3); 6 Fed. Prac. & Proc. Civ. § 1434. As such, and pursuant to Rules 13(h) and 15 of the Federal Rules of Civil Procedure, Mr. Robbs's Motion for Joinder and to Amend Counterclaims (ECF No. 43) is **GRANTED**. Mr. Robbs is **HEREBY ORDERED** to, within **fourteen (14) days** of the date of this Order, file his Amended Counterclaim and serve Mr. Andrus with a copy of the same pursuant to the Federal Rules of Civil Procedure.

Dated the 9th day of July, 2020.

BY THE COURT:

Clark Waddoups
United States District Court Judge